# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JONATHAN CARTER, | ) |
|    Plaintiff, | ) Case No. 2:04-cv-00409-KJD-GWF |
| vs. | ) **FINDINGS & RECOMMENDATIONS** |
| FAMILY AND CHILD TREATMENT OF SOUTHERN NEVADA, | ) **Defendant's Counter-Motion to Dismiss (#71)** |
|    Defendants. | ) |

This matter is before the Court on Defendant Family and Child Treatment of Southern Nevada's Counter-Motion to Dismiss for Failure to Prosecute (#71), filed on January 13, 2009; Plaintiff's Response to Defendant FACT's Countermotion to Dismiss for Failure to Prosecute (#75), filed January 25, 2009; and Defendant's Reply to Plaintiff's Opposition to Said Defendant's Counter-Motion to Dismiss for Failure to Prosecute (#76), filed January 30, 2009. The Court conducted a hearing in this matter on February 5, 2009.

## BACKGROUND

This action was commenced by Plaintiff in the Nevada District Court in November 2003 and was removed to this Court on April 5, 2004. On September 22, 2005, the Court granted the Defendants' motions to dismiss. Prior to dismissal, the parties had not engaged in discovery. Plaintiff appealed; and on November 29, 2007, the Court of Appeals reversed the dismissal as to Defendant Family and Child Treatment of Southern Nevada. *Judgment of USCA (#64)*. Although the Order on Mandate (#67) was entered by the District Court on December 6, 2007, an order reopening the case was not entered at that time. Because the case was not reopened, the Court was not automatically prompted, as it otherwise would have been, to direct the parties to file a proposed discovery plan and scheduling order.

On January 8, 2009, Plaintiff filed a motion to reopen discovery following reversal and remand. In his motion, Plaintiff noted that since the Ninth Circuit's 2007 decision, no action had been taken by the Court or the parties to proceed with the case. In response, Defendant filed its counter-motion for dismissal for want of prosecution pursuant to Local Rule (LR) 41-1 which provides that all civil actions which have been pending in this court for nine (9) months without any proceeding of record having been taken may, after notice, be dismissed for want of prosecution. Because more than a year had passed since the judgment of reversal and order of mandate was entered in this case, Defendant argued the Court should dismiss the action.

## **DISCUSSION**

In support of its motion to dismiss, Defendant cites *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1987). *Henderson* states that dismissal for want of prosecution is a harsh penalty and is to be imposed only in extreme circumstances. The district court is required to weigh several factors in determining whether to dismiss for want of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson* further states that a dismissal for lack of prosecution must be supported by a showing of unreasonable delay. *See also Hernandez v. City of El Monte*, 138 F.3d 393, 399-400 (9th Cir. 1998). In *Henderson* the court upheld the dismissal because plaintiff's counsel had failed to file a pretrial order after repeated warnings from the court that the action would be dismissed if he failed to comply.

In this case, there has been an unreasonable delay in the prosecution because more than one year passed after the judgment of reversal was filed before Plaintiff took action to move the case forward. Although Plaintiff reasonably should have acted before January 2009, the Court also notes that it is the normal practice of the court to re-open the case upon the entry of the remand, which did not occur in this case. Thus, following the remand, the parties were not directed by the court, as they normally would be, to submit a proposed discovery plan and scheduling order. Unlike *Henderson*, Plaintiff has not failed to comply with any explicit orders or warnings that the case would be dismissed if he failed to prosecute it. Discovery in this case was essentially placed on hold for more than 3 years after it was

removed to this Court in April 2004 up through the Ninth Circuit's reversal of the dismissal order in November 2007.  Defendant has not pointed to any loss of evidence or other specific circumstances that have occurred since November 2007 that actually adversely affects its ability to defend the action. Under these circumstances, the Court concludes that dismissal for want of prosecution is not warranted. Given the delay that has occurred, however, the Court will require that the parties to move forward diligently to complete discovery and prepare this case for trial.   Accordingly,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendant Family and Child Treatment of Southern Nevada's Counter-Motion to Dismiss for Failure to Prosecute (#71) be **denied.**

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 6th day of February, 2009.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**