# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JONATHAN CARTER,

     Plaintiff,

v.

FAMILY AND CHILD TREATMENT OF
SOUTHERN NEVADA,

     Defendant.

Case No. 2:04-cv-0409-KJD-RJJ

**ORDER**

Currently before the Court is Defendant's Counter-Motion to Dismiss for Failure to Prosecute (#72), filed January 13, 2009.  Plaintiff filed a Response (#75) on January 25, 2009.  On January 30, 2009, Defendant filed a Reply (#76).  On February 6, 2009, Magistrate Judge George Foley, Jr., issued his Findings and Recommendations (#79), recommending that the Court deny the Motion to Dismiss for Failure to Prosecute.  Pursuant to LR IB 3-2, a party wishing to object to the findings and recommendations of a magistrate judge must file and serve specific written objections together with points and authorities in support thereof, within ten days of the date of service of the findings and recommendations.  To date, Defendant has failed to file any points and authorities in objection to the Magistrate Judge's Findings and Recommendations.

The Court has reviewed the Magistrate Judge's Findings and Recommendations, together with the Motion, Response, and Reply, and accepts the Magistrate Judge's Recommendation to deny Defendant's Motion to Dismiss for Failure to Prosecute.

## I.  Procedural History

Plaintiff filed a Complaint on November 18, 2003, with the District Court of Clark County, against Defendant Family and Child Treatment of Southern Nevada ("FACT"), among others,

1   alleging the violation of his civil rights, negligence, negligent supervision, intentional infliction of

2   emotional distress, and abuse of process.  The case was removed to this Court on April 5, 2004.  On

3   September 22, 2005, all claims against all Defendants were dismissed.  Plaintiff filed a Notice of

4   Appeal (#55) on October 19, 2005.  On November 29, 2007, the Ninth Circuit issued an order

5   reversing the court's dismissal of the claims against FACT.[1]  (See #51.)  On December 6, 2007, the

6   Court filed an Order on Mandate (#67).  On January 8, 2009, after more than a year of inactivity,

7   Plaintiff filed a Motion to Re-Open Discovery (#68), which the Court granted on February 5, 2009.

8   Defendant then filed the present Counter-Motion to Dismiss for failure to prosecute.

9   **II.  Analysis**

10       Pursuant to Local Rule 41-1, the Court may dismiss a case that has gone nine months without

11   any proceeding of record having been taken.  Dismissal for failure to prosecute, however, "is so

12   harsh a penalty, it should be imposed only in extreme circumstances."  Raiford v. Pounds, 640 F.2d

13   944, 945 (9th Cir. 1981).  In order to dismiss for want of prosecution, there must also be an

14   unreasonable delay in prosecution, which delay "creates a presumption of injury to the defense."

15   Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  When considering whether to dismiss a

16   case due to failure to prosecute, a court must weigh five factors: "(1) the public's interest in

17   expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice

18   to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the

19   availability of less drastic sanctions."  Id. (citations omitted).

20       The Court has made a de novo determination regarding the Defendant's Motion to Dismiss

21   for Failure to Prosecute, and adopts the Magistrate Judge's findings in whole.  Specifically, the Court

22   has considered the public's interest in the expeditious resolution of litigation and is not persuaded

23   that it weighs substantially in favor of dismissal.  In addition, the Court finds that no unreasonable

24

25       [1]Plaintiff appealed the dismissal of the claims against both Clark County and FACT.  The Court of Appeals

26   upheld the dismissal of the claims against Clark County but reversed and remanded the dismissal of the claims against
      FACT.  Thus, FACT remains the only Defendant in the case.

1   burden is inflicted on its docket by denying dismissal.  Moreover, although Defendant avers that the

2   fading memories of its witnesses create an unfair prejudice on Defendant's ability to proceed should

3   the dismissal be denied, "aggravation of anxiety and the continued 'fading' of witnesses' memories"

4   alone are not sufficiently harmful to the defense to force dismissal for want of prosecution.  Raiford,

5   640 F.2d at 945.  Additionally, the public policy of deciding cases on their merits and the availability

6   of less drastic measures do not weigh in favor of dismissal.  As pointed out in the Magistrate Judge's

7   Findings and Recommendations, this case differs from Henderson because the court in that case

8   granted dismissal only after issuing several warnings that dismissal was impending if the plaintiff

9   failed to file a pretrial order.  Thus, in Henderson, several less drastic actions were taken before

10   dismissal was appropriate, whereas, here, Plaintiff has not failed to comply with any orders or

11   warnings that dismissal was proximate.

12   Additionally, the Magistrate Judge properly found that the delay in prosecution here is

13   understandable because the Court normally re-opens the case upon the entry of remand, yet did not

14   do so in this case.  As Defendant has not specified any substantial hardship caused by the delay, and

15   as Plaintiff has not acted contrary to any explicit order, the Court finds that dismissal for failure to

16   prosecute is not appropriate in this case.

17   Accordingly, **IT IS HEREBY ORDERED** that the Magistrate Judge's Findings and

18   Recommendations (#79) is accepted and adopted in whole.

19   **IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (#72) is **DENIED**.

20   Dated this 21 day of May 2009.

21

22   _____
     Kent J. Dawson

23   United States District Judge

24

25

26

3