# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JONATHAN CARTER,

Plaintiff,

v.

FAMILY AND CHILD TREATMENT OF SOUTHERN NEVADA,

Defendant.

Case No. 2:04-cv-0409-KJD-RJJ

**ORDER**

Presently before the Court is Defendant Family and Child Treatment of Southern Nevada's Motion for Summary Judgment (#91). Plaintiff filed a Response in Opposition (#93) to which Defendant filed a Reply (#94).

## I. Facts and Procedural History

Plaintiff's Complaint brings claims against Family and Child Treatment of Southern Nevada ("FACT") for intentional infliction of emotional distress, negligence, and negligent supervision. The allegations in the Complaint center around Plaintiff's participation in FACT's treatment program for sex offenders. Plaintiff participated in FACT's treatment program pursuant to the arrangements of his guilty plea in a criminal matter.

Plaintiff filed his Complaint against Defendants Clark County, the Nevada Department of Motor Vehicles and Public Safety, the Nevada Department of Parole and Probation, and FACT. Plaintiff conceded that the Nevada State defendants had to be dismissed because the action had been previously dismissed twice under Rule 41(a). Upon considering motions to dismiss, the Court concluded that Plaintiff's claims against Clark County were barred by the statute of limitations, and Plaintiff's claims against FACT were barred by claim preclusion since FACT had privity with the Nevada State Defendants (#15). On appeal, the Ninth Circuit affirmed this Court's dismissal of Defendant Clark County but reversed the Court's dismissal of Defendant FACT (#66). Specifically, the Ninth Circuit found that the Court had improperly relied upon FACT's contract with the State while considering a Rule 12(b)(6) motion to dismiss, because it considered evidence outside of the pleadings. Therefore, FACT is the only remaining defendant in this action.

Subsequently, FACT filed the present Motion for Summary Judgment. The Court has reviewed the Motion, Response, and Reply, and, consistent with the Memorandum issued by the Ninth Circuit, now issues this order granting FACT's Motion for Summary Judgment.

## II. Summary Judgment Standard

The Court should grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c)(2); see also, Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323.

The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). Summary judgment shall be entered "against a

party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

"A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." F.T.C. Publishing Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir. 1997). Therefore, vague and unsubstantiated testimony, even when given under oath, will not preclude summary judgment. "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must— by affidavits or as otherwise provided in this rule— set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

## III. Plaintiff's State-Law Claims

FACT seeks summary judgment on three separate grounds: 1) Plaintiff's claims fail as a matter of law, 2) Plaintiff's claims are barred by Defendant FACT's statutory immunity, and 3) Plaintiff's claims are barred by claim preclusion. Because the Court finds that Plaintiff's claims fail as a matter of law, it is not necessary that the Court address Defendant's remaining arguments.

### A. Intentional Infliction of Emotional Distress

Plaintiff's intentional infliction of emotional distress ("IIED") claim against FACT fails as a matter of law. A plaintiff seeking to make a claim for IIED must establish "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." Star v. Rabello, 625 P.2d 90, 92 (Nev. 1981).

#### i. Extreme and Outrageous Conduct

Plaintiff has failed to raise a genuine issue of material fact regarding any extreme and outrageous conduct on the part of FACT. In his Response to Defendant's Motion, Plaintiff directs the Court to his answers to Defendant's interrogatories, wherein he provides general, vague, and conclusory opinions about FACT's conduct. For example, Plaintiff avers that FACT committed

extreme and outrageous acts by depriving him of his civil rights and by using "threats, intimidation, and harassment" during the counseling process. Such allegations, "lacking in detailed facts and supporting evidence however, [are] insufficient to create a genuine issue of material fact." F.T.C. Publishing,104 F.3d at 1171; see also, Fed. R. Civ. P. 56(e)(2). Plaintiff fails to provide detailed facts or supporting evidence to substantiate these allegations. Therefore, Plaintiff's vague allegations of intimidation, harassment, and civil rights deprivations do not raise a genuine issue of material fact regarding extreme and outrageous conduct on the part of FACT.

Plaintiff further alleges in his interrogatories that FACT set terms and conditions that were designed to cause him to fail. However, Plaintiff's allegation lacks detail, evidence, and specificity. See Id. Plaintiff, for example, does not provide the Court with the text of any alleged term or condition, or even his own recollection of any alleged term or condition of FACT's treatment program that caused him offense. Furthermore, Plaintiff fails to provide evidence to support his allegation that FACT's conditions were purposefully created to make him fail the program. A treatment program for sexual offenders might reasonably include specific terms and/or conditions, and Plaintiff fails to show how any of FACT's terms and conditions had any purpose other than rehabilitation. Given that the purpose of the contract between FACT and the state was to rehabilitate sexual offenders, the Court cannot accept an ambiguous claim that FACT purposefully tried to make him fail the program as extreme and outrageous conduct sufficient to support an IIED claim.

Plaintiff further alleges that FACT told Plaintiff that he would go to jail or have his probation revoked if he did not comply with the treatment program. Accepting that this allegation is true, the Court concludes that this is not extreme and outrageous conduct. FACT merely instructed Plaintiff of what he already knew to be true. Because the completion of the treatment program was a condition of Plaintiff's probation, his failure to complete the program would have resulted in a revocation of probation. Because Plaintiff fails to demonstrate any issue of material fact regarding extreme and outrageous conduct on the part of FACT, this claim fails as a matter of law.

ii. Severe or Extreme Emotional Distress

Plaintiff fails to establish that he suffered emotional distress to a degree that could be regarded as severe or extreme. Plaintiff's claimed injury was "harm caused to my well being, person and mental anguish." (#93, p. 12.) Such self-serving allegations, however, are insufficient to create a genuine issue of material fact. See F.T.C. Publishing, 104 F.3d at 1171. Furthermore, the Nevada Supreme Court has rejected claims for IIED where the plaintiff claiming mental harm as his injury, "presented no objectively verifiable indicia of the severity of his emotional distress." Miller v. Jones, 970 P.2d 571, 577 (Nev. 1988). Likewise, Plaintiff in the instant action failed to provide objectively verifiable data that could demonstrate that his emotional distress was severe or extreme. Because Plaintiff failed to establish that he experienced severe and extreme emotional distress, and failed to establish any extreme or outrageous conduct on the part of FACT, the Court grants summary judgment on this claim.

**B. Negligence**

Plaintiff's negligence claim against FACT fails as a matter of law. To prevail on a negligence claim, a plaintiff must demonstrate "(1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach was the legal cause of the plaintiff's injury; and (4) the plaintiff suffered damages." Scialabba v. Brandise Const. Co., Inc., 921 P.2d 928, 930 (Nev. 1996). In a summary judgment proceeding on a negligence claim, a trial court may grant summary judgment on this claim if the defendant can show that "one of the elements of the plaintiff's prima facie case is 'clearly lacking as a matter of law.'" Id. (quoting Sims v. General Telephone & Electric, 815 P.2d 151, 154 (1991)).

i. Duty

Whether a defendant owes a duty of care to a plaintiff is a question of law. Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc., 221 P.3d 1276, 1280 (Nev. 2009). Therefore, it is for the Court to make the determination regarding whether Defendant in the present action owed a duty to Plaintiff.

Though Plaintiff alleges in his complaint that FACT had a duty to "protect him from harm while on a probationary sentence and/or probationary supervision," (#1) Plaintiff has failed to provide evidence, through affidavits or otherwise, that establishes such a broad duty. Accordingly, Plaintiff has failed to establish that FACT had a duty to protect Plaintiff from harm while on his probationary sentence, as alleged in the Complaint.

ii. Breach

Even assuming that Defendant owed the alleged duty of care to Plaintiff, Plaintiff fails to raise a genuine issue of material fact regarding any breach of said duty. A litigant who opposes a motion for summary judgment must show through *specific* facts that there is a genuine issue of material fact that precludes summary judgment. See Fed R. Civ. P. 56(e)(2). Testimony from a defendant that is "lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." F.T.C. Publishing Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir. 1997).

Here, Plaintiff has failed to present specific facts supporting his allegation that FACT breached its duty of care. Plaintiff supports his negligence claim with broad and vague allegations that FACT intimidated and harassed him. (#93). Such broad allegations, however, are insufficient to create a genuine issue of material fact because they lack specificity and detail. Fed. R. Civ. P. 56(e)(2). Furthermore, in Plaintiff's Opposition to FACT's Motion for Summary Judgment, Plaintiff avers that FACT's conduct went "beyond the scope of the range of competent counseling services to be expected through a program such as FACT." (#93). This allegation implies that FACT's employees committed medical malpractice. However, a plaintiff seeking to make a medical malpractice claim must present testimony from an expert witness. Staccato v. Valley Hospital, 170 P.3d 503, 506 (Nev. 2007). Because Plaintiff failed to do so here, this claim for negligence fails as a matter of law.

iii. Causation

Because Plaintiff has not adequately established specific facts demonstrating harm he received as a result of Defendant's alleged negligence, his causation claim fails.

iv. Damages

Other than alleging that FACT's conduct was "harmful," (#93, p. 13) Plaintiff fails to establish that he suffered damages as a result of FACT's alleged negligence. Because a litigant opposing a summary judgment motion must show *specific* facts that raise a genuine issue, this element of Plaintiff's negligence claim also fails. See Fed. R. Civ. P. 56(e)(2).

Because each negligence element is "clearly lacking," the Court grants summary judgment on Plaintiff's negligence claim against FACT. Scialabba v. Brandise Const. Co., Inc., 921 P.2d 928, 930 (Nev. 1996).

**C. Negligent Supervision**

Plaintiff's claim for negligent supervision also fails as a matter of law. An employer "has a duty to use reasonable care in the training, supervision, and retention of his or her employees to make sure that the employees are fit for their positions." Hall v. SSF, Inc., 930 P.2d 94, 99 (Nev. 1996).

As detailed above, however, Plaintiff's Complaint fails to specify, beyond broad allegations of intimidation and harassment, how FACT breached any duty to Plaintiff. Moreover, Plaintiff's Opposition refers only to his own conclusory answers to FACT's First and Second Set of Interrogatories. Specifically, Plaintiff avers that Fact's "conduct was harmful because it was beyond the scope of the range of competent counseling services to be expected through a program such as FACT," yet offers no facts or evidence to buttress his position (#93 at 13.)[1] Such sweeping allegations, without more, cannot support a claim for negligent supervision.

---

[1]For example, without offering any expert opinion or evidence, Plaintiff alleges that "[t]he conduct of FACT counselor's appeared more geared to aid and assist the further prosecution and punishment of its participants than to help the individuals." (#93 at 13.)

**IV. Preclusion and Statutory Immunity Defenses**

Because Plaintiff's state-law claims fail as a matter of law, the Court need not address whether FACT is shielded by statutory immunity or whether Plaintiff's claims are barred by claim preclusion.

**V. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendant FACT's Motion for Summary Judgment (#91) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter **JUDGMENT** for Defendant Family and Child Treatment of Southern Nevada and against Plaintiff Carter.

DATED this 12th day of August 2010.

Kent J. Dawson
United States District Judge